United States Court of Appeals,

Eleventh Circuit.

No. 96-6736.

FOLSOM METAL PRODUCTS, INC., an Alabama Corporation, Plaintiff-Counter-Defendant-Appellee,

RBOP Tools International Inc., Texas Corporation, Intervenor-Plaintiff-Appellee,

v.

TORUS EQUIPMENT COMPANY, Defendant-Counter-Claimant-Appellant.

July 24, 1997.

Appeal from the United States District Court for the Northern District of Alabama (CV 94-L-988-S SHL); Seybourn H. Lynne, Judge.

Before BIRCH and CARNES, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

The petition for rehearing by RBOP Tools International Inc. asserts that the district court addressed the issue of whether RBOP was subject to liability as a successor in interest to Folsom Metal Products, Inc. and held it was not subject to such liability. Therefore, RBOP says, the panel erred in holding that the district court had not addressed that issue and in remanding that issue for consideration.

The district court referred to successor liability of RBOP in the context of its determination of whether Folsom was responsible to Torus Equipment Co. for more than 5% of $2,100,000 (a 5% that Folsom agreed it must pay). The district court's barebones order held Folsom had no further contract obligation beyond the 5% and there were "no further contract obligations" owed to Torus by RBOP or any other successor in interest.

We do not construe the district court's decision as a plenary determination that RBOP could not be subject to successor liability for obligations of Folsom to Torus but rather as a limited decision relating to Torus' claims for more than 5%, i.e., "Folsom doesn't owe anything more than 5% and RBOP can't have successor liability for something Folsom doesn't owe." If the district court intended to confer on RBOP a status of freedom from any successor liability, the record does not

support such a ruling at the summary judgment stage.

Additionally the district court did not focus at all on whether if RBOP were a successor in interest to Folsom it might be responsible for Folsom's obligation to pay 5% of $2,100,000.

We neither whisper nor hint what we think the determination should be on whether RBOP has successor liability. But it is an issue alive and well to be considered on remand. If RBOP is found to be a successor, it is for the district court in the first instance to decide whether it has successor liability for the 5% of $2,100,000 that Folsom acknowledges it owes, or for additional amounts, if any, found to be owed by Folsom, or both.

The petition for rehearing is DENIED. The summary judgments in favor of Folsom and RBOP are REVERSED and the case is REMANDED to the district court for further proceedings not inconsistent with our opinion and with this order.